**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

NOV 29 A 10: 35

| | |
|---|---|
| Abdul Karim Hassan,<br><br>                                Plaintiff,<br>      -v-<br><br>The State of New Hampshire, and<br>William M. Gardner,<br>In his official capacity as Secretary of State of the<br>State of New Hampshire,<br><br>                            Defendant. | Civil Action #:<br><br>**COMPLAINT FOR**<br>**DECLARATORY AND**<br>**INJUNCTIVE RELIEF** |

Plaintiff, Abdul Karim Hassan, pro se, ("Plaintiff" or "Hassan"), complaining of Defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff, a naturalized American citizen and a candidate for the Presidency of the United States seeks a judgment: 1) declaring that the New Hampshire statutes at N.H. Rev. Stat. § 655:47 and 655:17-b are in whole or in part invalid under the Equal Protection Clause, the Citizenship Clause, and the Privileges and Immunities Clause of the Fourteenth Amendment of the United States Constitution because of their "natural born" requirements; and 2) declaring that the natural born provision of the Constitution is irreconcilable with and has been trumped, abrogated and implicitly repealed by the equal protection guarantee of the Fifth and Fourteenth Amendments, as well as the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment; and 3) declaring that the conduct of the New Hampshire Secretary of State in refusing to accept a filing of a Declaration of Intent and Declaration of Candidacy for President from Plaintiff because of his national origin, violates the Equal Protection Clause, the Citizenship Clause, and the Privileges and Immunities Clause of the Fourteenth Amendment of the United States Constitution; 4) enjoining the New Hampshire Secretary of State and the State of New Hampshire from discriminating against Plaintiff because of his national origin and/or status as a naturalized American citizen concerning or relating to access to the Presidential primary or general election ballot in New Hampshire; 5) awarding

Plaintiff costs and attorney's fees; and 6) granting Plaintiff such other, further and different relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 because this case involves questions of federal law.

3. Venue is proper in the District of New Hampshire pursuant to 28 U.S.C. § 1391(b).

4. This Court is empowered to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5. Plaintiff Abdul Karim Hassan ("Plaintiff" or "Hassan") is an adult individual over the age of eighteen years currently residing in Queens County in the State of New York.

6. Plaintiff Hassan is a 2012 candidate for the Presidency of the United States.

7. Defendant William Gardner is the Secretary of State of the State of New Hampshire, located at State House, Room 204, 107 North Main Street, Concord, N.H. 03301-4989, who administers New Hampshire's election laws and is responsible for and administers the process of placing candidates on the primary and general election presidential ballots in New Hampshire.

8. The State of New Hampshire is one of the States that comprise the United States of America. The State is represented by its Attorney General located at NH Department of Justice, 33 Capitol Street, Concord, NH 03301.

## STATEMENT OF FACTS

9. Petitioner Abdul Karim Hassan was born in 1974 in the country of Guyana.

10.     Petitioner's race is East Indian.

11.     Petitioner is a naturalized American citizen who was naturalized within the United
        States and took the oath of citizenship at a United States District Court in New York
        City.

12.     Petitioner satisfies all of the constitutional requirements for holding the Office of
        President of the United States except the requirement of natural born status. See U.S.
        Constitution, Article II, Section 1, Clause 5 ("Natural Born Clause").

13.     In March 2008, petitioner announced his candidacy for the Presidency of the United
        States through his presidential website at www.abdulhassanforpresident.com.

14.     Petitioner is currently focused on the 2012 presidential elections but if he is not
        successful in 2012, petitioner intends to continue his current campaign without
        interruption until the next presidential elections in 2016.

15.     Since the announcement of his candidacy in March 2008, petitioner has used and will
        continue to use without interruption, his presidential website in much the same way as
        the leading presidential candidates – to promote and communicate his candidacy, issue
        positions and campaign to voters and the public.

16.    Plaintiff has also been communicating this message to the American public through
       Youtube.com.

17.    In order to compliment and improve the use of the website, petitioner has purchased
       and paid for a national presidential advertising campaign through Google. This
       advertisement has been running and will continue to run and it links to petitioner's
       presidential website.

18.    In addition, petitioner has done interviews with and has been covered by both print
       and broadcast media.

19.    Petitioner's presidential candidacy and campaign have also been covered widely on
       the internet as a quick online search will reveal.

20.    This growth in petitioner's presidential campaign and candidacy has resulted in
       thousands of hits each month to petitioner's presidential website from all across the
       country and the growth continues.

21.    Petitioner will continue to build on this initial success and continue to promote his
       candidacy and ideas to more and more voters in New Hampshire and across the
       country.

22.  Since announcing his presidential candidacy in March 2008, petitioner has paid annual
registration fees for his presidential website domain names, and in addition, petitioner
has paid monthly fees to host and operate his presidential website. Petition has also
been paying monthly fees for a nationwide advertising campaign that links to
petitioner's presidential website. Petitioner has also expended time and effort in
developing the site's infrastructure and content.

23.  On September 2, 2011, the Federal Election Commission ruled that plaintiff as a
naturalized American citizen running for President of the United States is covered by
the Federal Election Campaign Act ("FECA") and related laws and that plaintiff is
required to comply with the record-keeping, expenditure and other requirements of the
federal election laws and plaintiff has been and will continue to spend money, time
and effort to comply with these requirements. (See FEC ruling at
http://www.abdulhassanforpresident.com/fec/ruling.pdf)

24.  In July 2011, plaintiff sought a ruling from Defendants as to whether his status as a
naturalized American citizen will prevent him from being placed on the New
Hampshire presidential ballot.

25.  By letter dated July 19, 2011, Defendant responded to Plaintiff's request and ruled that
the New Hampshire Secretary of State's office, "will not accept a filing from any
person who is not a natural born citizen." (See Exhibit 1).

26.    In terms of the presidential elections, New Hampshire administers a primary election
       for the Democratic and Republic parties as well as the general elections for the
       Presidency. (Ex. 1).

27.    The first legally required step to gain access to the New Hampshire presidential ballot
       in the primary elections and/or in the general elections is to file a Declaration of Intent
       and/or a Declaration of Candidacy for President. (Ex. 1).

28.    The deadline for filing declarations of candidacy for the presidential primary elections
       in New Hampshire is November 2011. (See Ex. 1).

29.    As to candidates who intend to run in the general elections not as Democrats or
       Republicans, the deadline for filing the Declaration of Intent is June 15, 2012. (Ex. 1).

30.    The deadline for filing the required nomination papers in New Hampshire is
       September 5, 2012. (Ex. 1).

31.    Under New Hampshire law as enforced by Defendants, a Declaration of Intent and/or
       a Declaration of Candidacy for President for both the primary and general elections
       requires a candidate like Plaintiff to state under oath and penalty of perjury that he is a
       natural born citizen. See N.H. Rev. Stat. § 655:47 and 655:17-b. See also Ex. 1.

6

32.   Defendant Gardner has invoked the New Hampshire statutes at N.H. Rev. Stat. §
      655:47 and 655:17-b in declaring that he will not accept a filing of a Declaration of
      Intent and/or a Declaration of Candidacy for President from Plaintiff because Plaintiff
      is not a natural born citizen. (Ex. 1).

33.   New Hampshire statute requires Democratic, Republican and other presidential
      candidate to sign under oath a Declaration of Intent and/or a Declaration of Candidacy
      for President in a form prescribed by statute (N.H. Rev. Stat. § 655:47 and 655:17-b)
      and which contains language that the candidate signing the declaration under oath is a
      natural born citizen.

34.   Because Plaintiff is not a natural born citizen, he cannot sign the required Declaration
      of Intent and/or a Declaration of Candidacy for President under oath because to do so
      would constitute a crime and would be false.

35.   Because of Defendants' refusal to accept a filing of a Declaration of Intent and/or a
      Declaration of Candidacy for President from Plaintiff because he is a naturalized
      citizen, and the statutory language in the declaration that Plaintiff must be a natural
      born citizen, Plaintiff has been prevented from filing his Declaration of Intent and/or a
      Declaration of Candidacy for President, and as a result, has been denied any chance of
      getting on the presidential primary ballot and/or the presidential general elections
      ballot in the State of New Hampshire unless Plaintiff prevails in this lawsuit.

36.     Plaintiff has the filing fee ready and if he wins this case, he will immediately execute

        and file the declaration of candidacy with the New Hampshire Secretary of State office

        along with the filing fee.

## AS AND FOR A FIRST CAUSE OF ACTION

## U. S. Constitution, 14th and 5th Amendments & Article II, Section 1, Clause 5

37.     Plaintiff incorporates the allegations in paragraphs 1 through 36 above as if set forth

        fully and at length herein.

38.     The Citizenship Clause of the Fourteenth Amendment, Section 1, states in relevant

        part that :

> All persons born or naturalized in the United States, and subject to the
> jurisdiction thereof, are citizens of the United States and of the state
> wherein they reside.

39.     The Privileges and Immunities Clause of the Fourteenth Amendment, Section 1, states

        in relevant part that :

> No state shall make or enforce any law which shall abridge the
> privileges or immunities of citizens of the United States

40.     The Equal Protection Clause of the Fourteenth Amendment, Section 1, states in

        relevant part that :

> No state shall ... deny to any person within its jurisdiction the equal
> protection of the laws.

41. The New Hampshire statute at N.H. Rev. Stat. § 655:47 states in relevant part that:

> I. The names of any persons to be voted upon as candidates for president at the
> presidential primary shall be printed on the ballots upon the filing of

8

declarations of candidacy with the secretary of state in the following form and signed by the candidate:

I, _____, swear under penalties of perjury that I am qualified to be a candidate for president of the United States pursuant to article II, section 1, clause 4 of the United States Constitution, which states, "No person except a natural born citizen, or a citizen of the United States, at the time of the adoption of this Constitution, shall be eligible to the office of President; neither shall any person be eligible to that office who shall not have attained to the age of thirty-five years, and been fourteen years a resident within the United States." I further declare that I am domiciled in _____, in the city (or town or unincorporated place) of _____, county of _____, state of _____, that I am a registered member of the _____ party; that I am a candidate for nomination for the office of president to be made at the primary election to be held on the _____ day of _____; and I hereby request that my name be printed on the official primary ballot of said _____ party as a candidate for such nomination. II. Declarations of candidacy shall be filed between the first Monday in November and the third Friday in November, or during such other time period as the secretary of state shall announce. III. The decision of the secretary of state as to the regularity of declarations of candidacy filed under this section shall be final.

42.  The New Hampshire statute at N.H. Rev. Stat. § 655:17-b states in relevant part that:

I. Declarations of intent for each candidate for president who seeks nomination by nomination papers shall be in the form provided in paragraph II. Declarations of intent required by this section shall be filed with the secretary of state, signed by the candidate, and notarized by a notary public. II. I, _____, swear under penalties of perjury that I am qualified to be a candidate for president of the United States pursuant to article II, section 1, clause 4 of the United States Constitution, which states, "No person except a natural born citizen, or a citizen of the United States, at the time of the adoption of this Constitution, shall be eligible to the office of President; neither shall any person be eligible to that office who shall not have attained to the age of thirty-five years, and been fourteen years a resident within the United States." I further declare that I am domiciled in the city (or town or unincorporated place) of _____, county of _____, state of _____, and am a qualified voter therein; that I intend to be a candidate for the office of president to be chosen at the general election to be held on the _____ day of _____; and I intend to file nomination papers by the deadline established under RSA 655:43. I further declare that, if qualified as a candidate for said office, I shall not withdraw; and that, if elected, I shall be qualified for and shall assume the duties of said office.

9

43. Given that the New Hampshire statutes - N.H. Rev. Stat. § 655:47 and § 655:17-b, discriminate against Plaintiff because of his status as a naturalized citizen – his national origin, the statute violates Plaintiff's rights under the Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment. See United States v. Virginia, 518 U.S. 515, 532 n. 6 (1996) (noting that "[t]he Court has thus far reserved most stringent judicial scrutiny for classifications based on race or national origin"). See also Afroyim v. Rusk, 387 U.S. 253, 262 (1967) (stating without exception as to presidential eligibility that, "(The naturalized citizen) becomes a member of the society, possessing all the rights of a native citizen, and standing, in view of the constitution, on the footing of a native."

44. In refusing to accept a filing of a Declaration of Intent and/or a Declaration of Candidacy for President from Plaintiff, Defendants stated in relevant part that (Ex. 1):

> Dear Mr. Hassan:
>
> This is in response to your recent inquiry about Presidential Ballot Access.
>
> I have enclosed a copy of the Declaration of Intent (RSA 655:17-b) which an independent candidate for the Office of President would fill out and sign under oath. The candidate would then need to obtain and file 3,000 nomination papers signed by registered voters in the State of New Hampshire, as outlined on the information sheet.
>
> Also enclosed is a copy of the Declaration of Candidacy (RSA 655:47) which a candidate for the Office of President would complete and file for access to the New Hampshire Presidential Primary ballot.
>
> Please note the wording by statute in both these forms: "No person except a natural citizen ...."

> The New Hampshire state legislature amended the statutes to include the above . .. wording on the declaration forms for candidates for President. Therefore, this office will not accept a filing from any person who is not a natural born citizen.

45.     Defendants, in refusing to accept a required filing of the Declaration of Intent and/or Declaration of Candidacy from Plaintiff because of his national origin and status as a naturalized American citizen (See Exhibit 1), violated and are violating Plaintiff's rights under the Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment. See Afroyim v. Rusk, 387 U.S. 253, 262 (1967).

46.     The natural born provision of the Constitution, including the invidious national origin discrimination contained therein, is irreconcilable with and is trumped, abrogated and implicitly repealed by the Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment as well as the Equal Protection guarantee of the Fifth Amendment – all of which prohibit such national origin discrimination. See McDonald v. City of Chicago, Ill. 130 S.Ct. 3020, 3060 (2010), ("[invidious discrimination is] irreconcilable with the principles of equality, government by consent, and inalienable rights proclaimed by the Declaration of Independence and embedded in our constitutional structure."). See also Adarand v. Pena, 515 U.S. 200, 213 (1995), reiterating that, "[d]istinctions between citizens solely because of their ancestry are by their very nature odious to a free people whose institutions are founded upon the doctrine of equality."

47.    The U.S. Supreme Court has also described its decision in <u>Dred Scott v. Sandford</u>, 60

       U.S. 393 (1857), to choose constitutional discrimination over constitutional equality as

       a great "self-inflicted wound[1] ." <u>South Carolina v. Regan</u>, 465 U.S. 367, 412 (1984).

48.    Upholding the invidious discrimination in the Natural Born Clause in light of the

       equal protection guarantees of the Fourteenth and Fifth Amendments, will be another

       great "self-inflicted wound[2]." Plaintiff is therefore entitled to the declaratory and

       injunctive relief requested herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

49. Declare that the New Hampshire statutes at N.H. Rev. Stat. § 655:47 and 655:17-b are in

    whole or in part invalid under the Equal Protection Clause, the Citizenship Clause and the

    Privileges and Immunities Clause of the Fourteenth Amendment of the United States

    Constitution because of their "natural born" requirements;

50. Declare that the natural born provision of the Constitution is irreconcilable with and has

    been trumped, abrogated and implicitly repealed by the Equal Protection guarantees of the

    Fifth and Fourteenth Amendments, as well as the Citizenship Clause and the Privileges

    and Immunities Clause of the Fourteenth Amendment;

51. Declare that the conduct of the New Hampshire Secretary of State in refusing to accept a

    filing of a Declaration of Intent and/or a Declaration of Candidacy for President from

    Plaintiff because of his national origin, violates the Equal Protection Clause, the

---

[2] See http://www.supremecourt.gov/publicinfo/speeches/sp_03-21-03.html - In reference to
the Dredd Scott decision, then Chief Justice Rehnquist said in a 2003 speech that 'It was
rightly referred to by a later Chief Justice as a "self-inflicted wound" from which it took the
Court at least a generation to recover.

Citizenship Clause, and the Privileges and Immunities Clause of the Fourteenth Amendment of the United States Constitution;

52. Enjoin the New Hampshire Secretary of State and the State of New Hampshire from discriminating against Plaintiff because of his national origin and/or status as a naturalized American citizen concerning or relating to access to the Presidential primary or general election ballot in New Hampshire;

53. Award Plaintiff costs and attorney's fees; and

54. Grant Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens, New York**
**November 28, 2011**

Respectfully submitted,

Abdul K. Hassan, Esq.
*Plaintiff, Pro Se*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Email: abdul@abdulhassan.com