UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*************************************
**Abdul Karim Hassan**

    Plaintiff

    v.     Civil Action No. 11-cv-00552-JD

**The State of New Hampshire**, and

**William M. Gardner** in his official capacity as Secretary of State of New Hampshire

    Defendants
*************************************

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants, the State of New Hampshire ("State") and William Gardner, in his official capacity as New Hampshire Secretary of State ("Secretary Gardner"), by and through counsel, the Office of the Attorney General, and hereby submits this memorandum of law in support of their motion to dismiss the complaint filed against them by Abdul Karim Hassan's ("Plaintiff").  Defendants submit the following:

### I.     Introduction

Plaintiff brings this action against the State and Secretary Gardner seeking declarations that (1) RSA 655:47 and 655:17-b are invalid under the Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment; (2) the "natural born" clause of the U.S. Constitution has been trumped, abrogated and implicitly repealed by the Equal Protection guarantees of the

1

Fifth and Fourth Amendments, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment; and (3) Secretary Gardner's refusal to accept a Declaration of Intent and/or Declaration of Candidacy for President from Plaintiff because of his natural origin violates the Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment. ECF Doc. 1 at par. 49-51. Plaintiff also seeks to have Defendants enjoined from discriminating against him because of his national origin and/or his status as a naturalized American citizen concerning access to the Presidential Primary or General Election Ballot in New Hampshire. Id. at par. 52.

Defendants have moved to dismiss Plaintiff's complaint in its entirety with prejudice under Federal Rules of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") on the ground that it fails to state a claim upon which relief can be granted.

## II. Standard of Review

A defendant may move to dismiss a complaint under Rule 12(b)(6) for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to prevail, the moving party must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." Wagner v. Devine, 122 F.3d 53, 55 (1st Cir. 1997), *cert. denied*, -- U.S. --, 139 L. Ed. 2d 869 (1998).

A Rule 12(b)(6) dismissal is appropriate "'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'" Garita Hotel Ltd. Partnership v. Ponce Fed.Bank, F.S.B., 958 F.2d 15, 17 (1st Cir.1992) (quoting Correa-Martinez v.Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)). In ruling on a motion brought pursuant to Rule 12(b)(6), the court must accept the plaintiff's factual allegations as true. Hartford Fire Ins. Co. v. California, 509 U.S. 764 (1993); Hoover v.

Ronwin, 466 U.S. 558, 565-566, (1984). Furthermore, all reasonable inferences are to be drawn in plaintiff's favor. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); Sanner v. Chicago Bd. of Trade, 62 F.3d 918, 925 (7th Cir. 1995).

### III. Facts[1]

Plaintiff alleges that he is a 2012 candidate for the Presidency of the United States. ECF Doc. 1 at par. 6. Plaintiff was born in the country of Guyana and he is a naturalized American citizen. Id. at par. 9, 11. Plaintiff satisfies all of the constitutional requirements for holding the Office of the President of the United States except for the requirement set forth in Article II, Sect. 1, Clause 4[2] of the U.S. Constitution that "[n]o person except a natural born Citizen . . . shall be eligible to the Office of the President []." U.S.C.A. Const. Art. II, § 1, cl. 4. See ECF Doc. 1 at par. 12.

In July 2011, Plaintiff asked the Secretary of State's Office whether his status as a naturalized American citizen would prevent him obtaining access to the New Hampshire Presidential Primary ballot. Id. at par. 24. In a letter dated July 19, 2011, Assistant Secretary of State Karen Ladd ("Assistant Secretary Ladd") informed Plaintiff about the Declaration of Candidacy form (per RSA 655:47) for the Presidential Primary and the Declaration of Intent form (RSA 655:17-b) for the General Election, which contain the natural born citizen language from Art. II, Section 1, Clause 4. ECF Doc. 1 at par. 25, Ex. 1 to Complaint. By statute, both forms require the individual signing the forms to swear under penalties of perjury that they are qualified to be a candidate for President of the United States pursuant to Article II, Section 1, Clause 4. See RSA 655:47, I and RSA 655:17-b, II; see also ECF Doc. 1 at par. 33. Since Plaintiff is not a natural born citizen,

---

[1] Defendants accept Plaintiff's factual allegations as true only for the purposes of the motion to dismiss and this memorandum of law in support of the motion.

[2] Plaintiff cites clause 5 as the natural born clause. While the natural born clause was originally designated as clause 5, it was subsequently designated as clause 4 due to the supersedure of the original third clause of Article II, Section 1 by the Twelfth Amendment.

3

he cannot sign and submit a Declaration of Candidacy or Declaration of Intent without committing perjury.  See ECF Doc. 1 at par. 32.

Assistant Secretary Ladd confirmed in her letter that the Secretary of State's Office "will not accept a filing from any person who is not a natural born citizen."  ECF Doc. 1 at par. 25, Ex. 1 to Complaint.  Since Plaintiff is not a natural born citizen, the Secretary of State's Office will not accept either a Declaration of Candidacy or Declaration of Intent filed by him.  See ECF Doc. 1 at par. 32.

### IV.    Argument

Plaintiff's complaint should be dismissed in its entirety with prejudice because it fails "to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).  Plaintiff has not set forth a viable theory of recovery and he cannot prove any set of facts in support of his claim that would entitle him to the relief he seeks.

In support of his claims, Plaintiff relies on the case of Afroyim v. Rusk, 387 U.S. 253 (1967) for the proposition that it is unlawful to deny him the opportunity to be on the ballot in New Hampshire as a candidate for President due to his status as a naturalized citizen.  ECF Doc. 1 at par. 43 – 45.  Plaintiff's claims are without legal merit and his reliance on Afroyim is misguided.

Plaintiff quotes the proposition in Afroyim that a naturalized citizen "becomes a member of the society, possessing all of the rights of a native citizen, and standing, in view of the constitution, on the footing of a native."  Afroyim v. Rusk, 387 U.S. at 261.  Although Plaintiff is quick to note that this quote in Afroyim does not state that there is an exception for Presidential eligibility (par. 43), the subject quote is actually from the case of Osborn v. Bank of the United States, 9 Wheat. 738 (1824), which goes on to state that a naturalized citizen "is indistinguishable in nothing from a native citizen, except so

4

far as the constitution makes the distinction." Osborn, 9 Wheat. at 827 (emphasis added). The Supreme Court cited to Osborn when it explained that "[u]nder our Constitution, a naturalized citizen stands on an equal footing with the native citizen in all respects, save that of eligibility to the Presidency." Luria v. U.S., 231 U.S. 9, 22 (1913). The Court subsequently quoted that portion of Luria in Baumgartner v. U.S., 322 U.S. 665, 673 (1944).

      The Court's opinions in Osborn, Luria and Baumgartner are still good law with respect to portions of the decisions applicable to the present case. Accordingly, there simply is no merit to Plaintiff's claim that Article II, Section 1, Clause 4 of the U.S. Constitution has been trumped, abrogated and implicitly repealed by the Equal Protection guarantees of the Fifth and Fourth Amendments, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment. Likewise, where both RSA 655:47 and 655:17-b require individuals signing the forms to swear that they are qualified to be a candidate for President under Article II, Section 1, Clause 4, there is no merit to the claim that these statutes, either on their face or as applied to Plaintiff, violate the Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment. Since Plaintiff has failed to state a claim upon which the relief he seeks can be granted, his complaint should be dismissed in its entirety with prejudice.

**V.    Conclusion**

      For all of the foregoing reasons, Defendants respectfully request that the Honorable Court grant their motion to dismiss Plaintiff's complaint in its entirety with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6).

Respectfully submitted,

STATE OF NEW HAMPSHIRE
and
SECRETARY OF STATE
WILLIAM M. GARDNER

By their attorney,

MICHAEL A. DELANEY
ATTORNEY GENERAL

December 16, 2011                  /s/ Matthew G. Mavrogeorge
                                   Matthew G. Mavrogeorge
                                   Bar No. 17720
                                   Assistant Attorney General
                                   Civil Bureau
                                   New Hampshire Department of Justice
                                   33 Capitol Street
                                   Concord, New Hampshire 03301-6397
                                   (603) 271-3650
                                   Matthew.Mavrogeorge@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were delivered this 16th day of December 2011, to *Pro Se* Plaintiff, Abdul K. Hassan, via the federal court's ECF filing system.

/s/ Matthew G. Mavrogeorge
Matthew G. Mavrogeorge

693146