UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Abdul Karim Hassan</u>

   v.                                        Civil No. 11-cv-552-JD
                                              Opinion No. 2012 DNH 038

<u>The State of New Hampshire, et al.</u>


O R D E R

     Abdul Karim Hassan seeks a declaratory judgment that the natural born citizen requirement of Article II, Section 1, clause 5 of the United States Constitution, which provides that only natural born citizens are eligible to seek the office of President of the United States (the "Natural Born Citizen Clause"), has been implicitly repealed by subsequent amendments to the Constitution. Hassan further seeks a declaratory judgment that New Hampshire state laws requiring all presidential candidates to affirm that they are natural born citizens are unconstitutional. The State of New Hampshire and its Secretary of State, William Gardner, move to dismiss the complaint.


<u>Background</u>

     Hassan is a foreign-born, naturalized citizen of the United States. He satisfies all of the constitutional requirements for

holding the office of President of the United States except for the requirement that he be a natural born citizen.[1]

In July 2011, Hassan asked the New Hampshire Secretary of State's office whether his status as a naturalized citizen would prevent him from obtaining access to the New Hampshire Presidential Primary ballot. In a mailing dated July 19, 2011, the Assistant Secretary of State, Karen Ladd, provided Hassan with the Declaration of Candidacy form for the Presidential Primary, RSA 655:47, and the Declaration of Intent form for the general election, RSA 655:17-b. Ladd's cover letter informed Hassan that both forms require the declarant to affirm under oath that he or she is eligible for the office of President of the United States under the Constitution. The letter further stated that the Secretary of State's office would not accept a filing from any person who is not a natural born citizen and hence, is not eligible for the office of President. Because of this requirement, Hassan did not file either document.

---

[1] Article II, section 1, clause 5 of the United States Constitution provides, in pertinent part, "No person except a natural born Citizen . . . shall be eligible to the Office of the President."

Standard of Review

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must determine whether the facts alleged, when taken as true and in the light most favorable to the plaintiff, state a claim on which relief can be granted. <u>Rederford v. U.S. Airways, Inc.</u>, 589 F.3d 30, 35 (1st Cir. 2009). Under the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff need provide only a short and plain statement that provides enough facts "'to raise a right to relief above the speculative level . . . .'" <u>Ocasio-Hernandez v. Fortuno-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  The court must separate the factual allegations from any legal conclusions and decide whether the factual allegations, taken as true, state a plausible claim for relief.  <u>Ocasio-Hernandez</u>, 640 F.3d at 10-11 (applying <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009)).

Discussion

Hassan does not contend that the Constitution contains any language expressly repealing the Natural Born Citizen Clause. Hassan argues, however, that the clause "is irreconcilable with and is trumped, abrogated and implicitly repealed by the Equal Protection Clause, the Citizenship Clause and the Privileges and

3

Immunities Clause of the Fourteenth Amendment as well as the Equal Protection guarantee of the Fifth Amendment."  Hassan also argues that because the Natural Born Citizen Clause has been implicitly repealed by subsequent amendments to the Constitution, New Hampshire state statutes consistent with that clause are unconstitutional.

It is unclear whether the Constitution is subject to repeal by implication as is a statute.  For example, unlike a statute, the Constitution expressly provides the manner by which it may be amended.  See U.S. Const. art. V.  Therefore, it may be that the Framers did not intend the Constitution to be amended by any other means, such as by implication.  In addition, other courts have held that they do not have the power to determine whether any part of the Constitution has been implicitly repealed.  See, e.g., New v. Pelosi, 2008 WL 4755414, at *2 (S.D.N.Y. Oct. 29, 2008) ("as interpreter and enforcer of the words of the Constitution, [the court] is not empowered to strike the document's text on the basis that it is offensive to itself or is in some way internally inconsistent") (internal quotation marks and citation omitted).  On the other hand, the Supreme Court has held that the Fourteenth Amendment limits Eleventh Amendment sovereign immunity, even though the text of the Fourteenth Amendment does not explicitly require that result.  See

4

Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).  Because the defendants do not address the issue, the court will assume without deciding that the principles of repeal by implication are applicable to the Constitution.

"The cardinal rule is that repeals by implication are not favored."  Posadas v. Nat'l City Bank of N.Y., 296 U.S. 497, 503 (1936).  "There are two well-settled categories of repeals by implication: (1) Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute it will operate similarly as a repeal of the earlier act."  Id.; see also Branch v. Smith, 538 U.S. 254, 273 (2003).  "[I]n either case, the intention of the legislature to repeal must be clear and manifest."  Posadas, 296 U.S. at 503; see also Nat'l Ass'n of Home Builders v. Defenders of Wildlife, 551 U.S. 644, 662 (2007) ("While a later enacted statute . . . can sometimes operate to amend or even repeal an earlier statutory provision . . ., repeals by implication are not favored and will not be presumed unless the intention of the legislature to repeal is clear and manifest.") (internal quotation marks and citations omitted).

For there to be an irreconcilable conflict, "[i]t is not enough to show that the two statutes produce differing results when applied to the same factual situation . . . ." <u>Radzanower v. Touche Ross & Co.</u>, 426 U.S. 148, 155 (1976).  Instead, the "intent to repeal must be manifest in the 'positive repugnancy between the provisions.'"  <u>United States v. Batchelder</u>, 442 U.S. 114, 122 (1979) (quoting <u>United States v. Borden Co.</u>, 308 U.S. 188, 199 (1939)); <u>see also</u> <u>Ga. v. Penn. R. Co.</u>, 324 U.S. 439, 457 (1945) ("[o]nly a clear repugnancy between the old law and the new results in the former giving way").  Therefore, "'a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum.'"  <u>Nat'l Ass'n of Home Builders</u>, 551 U.S. at 663 (quoting <u>Radzanower</u>, 426 U.S. at 153).

Hassan argues that the standard disfavoring repeal by implication is inapplicable in this case because the Natural Born Citizen Clause is discriminatory on its face and subject to strict scrutiny.  He argues therefore that "there is no need to show 'irreconcilability' or 'intent' to repeal."  Hassan offers no support for this argument, however, and does not cite any case that suggests that the applicability of principles of implied repeal depends on the content of the earlier statute.  Therefore,

the principles of implicit repeal apply to the Natural Born Citizen Clause.

Hassan has not carried the high burden necessary to demonstrate that the Natural Born Citizen Clause has been implicitly repealed by the Fourteenth Amendment.[2]  Hassan argues that Congress intended the Fourteenth Amendment, when enacted, to abrogate the Natural Born Citizen Clause.  Hassan, however, does not provide any support for his argument, and the Supreme Court cases he cites merely discuss general equal protection principles.  As such, Hassan has not overcome the presumption against implied repeal.  In addition, articles discussing both the Natural Born Citizen Clause and the Fourteenth Amendment have noted that in the few years following the ratification of the Fourteenth Amendment, Congress considered and rejected numerous proposals to amend or repeal the Natural Born Citizen Clause.

---

[2]Hassan also argues that the Natural Born Citizen Clause was implicitly repealed by the Fifth Amendment.  Because Hassan argues that the "equal protection guarantee of the Fifth Amendment will trump, abrogate and implicitly repeal the natural born provision for the same reasons that the equal protection clause of the Fourteenth Amendment has done so," the court's analysis of Hassan's arguments based on the Fourteenth Amendment apply equally to Hassan's arguments based on the Fifth Amendment. See, e.g., Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 217 (1995) ("[t]his Court's approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment") (internal quotation marks and citation omitted).

See Sarah Helene Duggin & Mary Beth Collins, "Natural Born" in the USA: The Striking Unfairness and Dangerous Ambiguity of the Constitution's Presidential Qualifications Clause and Why We Need to Fix It, 85 B.U. L. Rev. 53, 148 (2005) (citing H.R.J. Res. 52, 42d Cong. (2d Sess. 1871)); Malinda L. Seymore, The Presidency and the Meaning of Citizenship, 2005 B.Y.U. L. Rev. 927, 947 (2005) (citing H.R.J. Res. 166-169, 42nd Cong. (3d Sess. 1872) and S.R. 284, 41st Cong. (3d Sess. 1871)).[3]  Therefore, Hassan cannot show that the Fourteenth Amendment was originally intended to abrogate the Natural Born Citizen Clause.

Hassan also argues that the Supreme Court's interpretation of the Fourteenth Amendment has evolved since its ratification, and that the current interpretation of the Amendment is irreconcilable with the Natural Born Citizen Clause.  Again, however, Hassan cannot meet the high burden necessary to demonstrate implicit repeal.

Hassan relies on Supreme Court cases discussing the broad reach of the Equal Protection Clause and other cases discussing

---

[3]In addition, one of the articles notes that there is no mention of the repeal of the Natural Born Citizen Clause, and barely any mention of the clause at all, in the congressional debates on the Civil Rights Act or the Fourteenth Amendment.  See Seymore supra p. 8, at 986.  This further undermines Hassan's argument that Congress intended the Fourteenth Amendment to abrogate the Natural Born Citizen Clause.

the equal footing of native and naturalized citizens.  <u>See, e.g.</u>, <u>McDonald v. City of Chi., Ill.</u>, 130 S. Ct. 3020 (2010); <u>Afroyim v. Rusk</u>, 387 U.S. 253 (1967).  The cited cases, however, discuss the "generalized spectrum" of equal rights for all citizens and those principles do not implicitly repeal the Natural Born Citizen Clause, which addresses the "narrow, precise, and specific subject" of eligibility for the office of President.  <u>See, e.g.</u>, <u>Nat'l Ass'n of Home Builders</u>, 551 U.S. at 663.  In addition, the cases discussing the equal rights of naturalized citizens often distinguish the Natural Born Citizen Clause.  <u>Schneider v. Rusk</u>, 377 U.S. 163, 165 (1964) ("[t]he only difference drawn by the Constitution is that only the 'natural born' citizen is eligible to be President"); <u>see also</u> <u>Knauer v. United States</u>, 328 U.S. 654, 658 (1946); <u>Baumgartner v. United States</u>, 322 U.S. 665, 673 (1944).  Cases discussing the equal rights of naturalized citizens without specific reference to the Natural Born Citizen Clause, <u>see, e.g.</u>, <u>Afroyim</u>, 387 U.S. 253, do not demonstrate the "manifest intent" necessary to overcome the strong presumption against implicit repeal.[4]

---

[4] Hassan contends that the Supreme Court in <u>Afroyim</u> quoted language concerning the equal rights of naturalized citizens from the court's prior decisions but omitted the prior decisions' references to the Natural Born Citizen Clause.  Hassan argues that the omission of that language is conclusive proof that the clause has been abrogated.  However, the Supreme Court's use of

In addition, as it did in the years immediately following the ratification of the Fourteenth Amendment, Congress has continued to consider and reject amendments to or repeals of the Natural Born Citizen Clause. See H.R.J. Res. 59, 108th Cong. (2003); see also Duggin & Collins supra p. 7, at 149 (citing H.R.J. Res. 795, 90th Cong. (1967)); Seymore supra p. 8, at 947 (citing S.J. Res. 161, 92d Cong. (1971)). Therefore, neither the Fourteenth Amendment nor the Equal Protection Clause can be interpreted to repeal the Natural Born Citizen Clause.[5]

Accordingly, because the Natural Born Citizen Clause has not been implicitly repealed, New Hampshire state laws requiring all

---

language from an earlier decision does not undermine or overturn the portion of the earlier decision that was not quoted. If it did, every decision quoted in part by a later decision would, in effect, be abrogated.

[5] Hassan's argument that the Absurdity Doctrine requires avoidance of the plain language of the Natural Born Citizen Clause is similarly unavailing. The Absurdity Doctrine provides that "interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 575 (1982). As discussed, Hassan has not demonstrated that the legislative purpose behind the Fifth or Fourteenth Amendments was to abrogate the Natural Born Citizen Clause. Similarly, Hassan's contention that the original rationale for the Natural Born Citizen Clause is no longer relevant does not provide the basis for ignoring the plain language of the Constitution.

presidential candidates to affirm that they are natural born citizens are constitutional.

### Conclusion

For the foregoing reasons, the defendants' motion to dismiss the complaint (document no. 4) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                  /s/ Joseph A. DiClerico, Jr.
                                  Joseph A. DiClerico, Jr.
                                  United States District Judge

February 8, 2012

cc:   Abdul Karim Hassan, pro se
      Matthew G. Mavrogeorge, Esquire